UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIOLA SHARON WARRIOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-1198-G |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Now before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin (Doc. No. 18), recommending reversal and remand of the Commissioner's decision to deny Plaintiff Viola Sharon Warrior's applications for disability insurance benefits and supplemental security income. Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration ("SSA"), has submitted an Objection to the Report and Recommendation (Doc. No. 19), and Plaintiff has submitted a Response to Defendant's Objection (Doc. No. 20).

Pursuant to controlling authority, the Court reviews de novo the portions of the Report and Recommendation ("R. & R.") to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

## I.    Applicable Standards

The Court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)).  "It requires more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (internal quotation marks omitted). Further, in reviewing the Commissioner's decision, the Court must not reweigh the evidence or substitute its judgment for that of the agency.  *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

## II.    The Report and Recommendation

The R. & R. accurately summarizes the factual and procedural background of this case.  Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying Plaintiff's applications for benefits under the Social Security Act.  *See* Compl. (Doc. No. 1) ¶¶ 3-4.  Guided by the five-step sequential

evaluation process required by 20 C.F.R. §§ 404.1520 and 416.920, the administrative law judge ("ALJ") found:

1. Plaintiff had not engaged in substantial gainful activity since November 1, 2016, the alleged onset date;

2. Plaintiff suffered from the following severe impairments: degenerative disc disease, status post left knee surgery with residuals, and obesity;

3. Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1;

4. Plaintiff retained the residual functional capacity ("RFC") to "perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that Plaintiff is able to lift or carry, push or pull ten pounds occasionally and less than ten pounds frequently; and

5. In addition to being able to perform her past relevant work as a gambling cashier, Plaintiff could also perform three jobs existing in significant numbers in the national economy, as identified by a vocational expert.

*See* R. (Doc. No. 8) at 17-46.  Based on the conclusions reached in steps three, four, and five, the ALJ determined that a finding of "not disabled" was appropriate under 20 C.F.R. §§ 404.1520(f) and 416.920(f).  R. at 46.  Plaintiff's request for review by the SSA Appeals Counsel was denied, and the unfavorable decision of the ALJ stands as the Commissioner's final decision.  R. 1-6; 20 C.F.R. §§ 404.981, 416.1481.

Plaintiff sought review in this Court, alleging: (1) error in the ALJ's consideration of Plaintiff's neuropathy; (2) error in the evaluation of Plaintiff's subjective allegations; (3) a failure by the ALJ to perform a function-by-function assessment of Plaintiff's work-

related abilities; and (4) error in the ALJ's evaluation of medical opinions. *See* Pl.'s Opening Br. (Doc. No. 14) at 11-30.

Judge Erwin agreed that the ALJ erred in his evaluation of Plaintiff's subjective allegations. As explained in the R. & R., Social Security Ruling 16-3p requires that when evaluating a claimant's subjective allegations regarding her symptoms, the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017).

Judge Erwin determined that the ALJ's conclusion that Plaintiff's "pain levels were well controlled with medication" was inconsistent with Plaintiff's reports of her pain being an "8/10" some days and Plaintiff's reports that her pain medication caused her to be drowsy. R. & R. at 9. Judge Erwin observed that the ALJ did not articulate whether he believed Plaintiff's allegations regarding her pain levels and drowsiness or found her credible on those points. *See id.* Additionally, Judge Erwin found that it was not clear whether the ALJ concluded that Plaintiff required an assistive device to ambulate, leaving the Court to speculate on the issue. *See id.* at 10. Judge Erwin noted that, as with Plaintiff's allegations regarding her pain medication, the ALJ never affirmatively stated whether he found Plaintiff believable as to her need for an assistive device or, if not, why he had discounted Plaintiff's statements on the subject. *See id.*

Ultimately, Judge Erwin recommended that because the ALJ's analysis lacks substance and provides no basis for meaningful review of the ALJ's conclusions regarding

Plaintiff's subjective allegations, this Court should reverse and remand the decision of the Commissioner for further proceedings. *See id.* at 7-12, 13.

### III. The Commissioner's Objection

The Commissioner urges the Court to decline to follow the R. & R. and instead affirm the Commissioner's final decision that Plaintiff was not disabled, arguing that the R. & R. improperly reweighs the evidence and relies on inconsistencies in the decision that are not actually present. *See* Def.'s Obj. (Doc. No. 19) at 2-3.

The Commissioner first argues that the ALJ's evaluation of Plaintiff's pain levels was satisfactory. Specifically, the Commissioner represents that the ALJ noted ten pain complaints, with the majority of Plaintiff's pain complaints being within the range of 4/10 to 6/10, and adequately concluded that these reports demonstrated that Plaintiff's pain was well controlled. *See id.* at 3. The Court disagrees that the ALJ's analysis of Plaintiff's pain complaints was adequate, however. The ALJ noted that from November 2019 through March 2021, Plaintiff reported pain levels of 4/10, 5/10, 5/10, 7/10, 6/10, 5/10, 8/10, 8/10, 5/10, and 6/10, and from these reports concluded that "[Plaintiff's] pain levels were well controlled with medication." R. at 42. The ALJ did not explain why he discounted Plaintiff's reports of her pain being 7/10 and 8/10 on some days or explain how he determined that Plaintiff's pain was "well controlled" despite the multiple reports of high pain levels. "Here, the link between the evidence and credibility determination is missing; all we have is the ALJ's conclusion." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

Regarding Plaintiff's complaints about her pain medication's side effects, the Commissioner argues that the ALJ was not required to make specific findings about

5

every one of Plaintiff's complaints or to accept all of them at face value and then disprove them one by one. *See* Def.'s Obj. at 4. Further, the Commissioner asserts that the ALJ adequately acknowledged Plaintiff's complaints about her pain medication causing drowsiness and noted treatment records where Plaintiff did not complain about drowsiness. *See id.*

It is true that "an ALJ is not required to identify any specific incredible statements, so long as the ALJ indicates to what extent he credited what the claimant said when determining the limiting effect of the claimant's symptoms." *Bales v. Colvin*, 576 F. App'x 792, 800 (10th Cir. 2014) (alterations and internal quotation marks omitted). Social Security Ruling 16-3p directs the ALJ to consider several factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms, including "[t]he type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms." SSR 16-3p, 2017 WL 5180304, at *8. While the ALJ noted that Plaintiff reported that her pain medication made her sleepy, causing her to nap frequently during the day, *see* R. at 30, the ALJ never stated whether he found Plaintiff's complaints about the medication's side effects credible and did not explicitly contrast Plaintiff's reports of drowsiness with treatment records where Plaintiff did not complain about drowsiness. Because the ALJ did not indicate to what extent he credited what Plaintiff said about her pain medication's side effects or her pain levels when determining the limiting effect of Plaintiff's symptoms, the undersigned agrees with Judge

Erwin that the ALJ erred in considering Plaintiff's subjective allegations regarding the intensity, persistence, and limiting effects of her pain.[1]

Finally, the Commissioner disputes the R. & R.'s criticism of the ALJ's evaluation of Plaintiff's need for an assistive device. *See* Def.'s Obj. at 5 (citing *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018)). While the Commissioner concedes that the "ALJ perhaps could have explained his reasoning in more detail," she argues that the ALJ's reasoning can still be reasonably discerned. *Id.*

Plaintiff testified that she used a walker to ambulate because her pain in her lower back, knees, and feet caused her to have trouble walking, because she had trouble maintaining her balance, and because her knee would "give out on her," causing her to fall. *See* R. at 62-63. The ALJ's decision explains some of Plaintiff's medical history regarding her ambulation, including several instances of Plaintiff's use and non-use of an assistive device, and notes that Plaintiff "did not consistently use an assistive device." R. at 42. Accordingly, the Commissioner states that "the ALJ adopted an RFC that allowed Plaintiff to use a cane, but also explained why a cane was not medically necessary." Def.'s Obj. at 4. The RFC finding earlier in the decision does not mention use of an assistive device, *see*

---

[1] The Commissioner argues that because Plaintiff did not raise the issue of her pain medication's side effects in her opening brief the issue should have been deemed waived. *See* Obj. at 4. The Court disagrees. Plaintiff argued in her Opening Brief that the ALJ erred in the consistency analysis under Social Security Ruling 16-3p regarding the effectiveness of her medication. *See* Pl.'s Opening Br. at 14-20. As noted above, this Ruling directs the ALJ to consider various factors in evaluating the intensity, persistence, and limiting effects of symptoms, including "[t]he type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms." SSR 16-3p, 2017 WL 5180304, at *8. Accordingly, the Court finds that Plaintiff did not waive this issue by failing to raise it in her opening brief.

R. at 28, but the ALJ concludes later that Plaintiff is "limited to occasional climbing [of] ramps and stairs, balancing, kneeling, stooping, crouching, and crawling due to her . . . use of an assistive device." R. at 42.

In the Court's view, the ALJ's decision presents conflicting conclusions regarding whether the ALJ believed that Plaintiff required an assistive device to ambulate. If, as the Commissioner contends, the ALJ did not believe that Plaintiff required an assistive device to ambulate, the ALJ did not adequately explain why he did not believe that Plaintiff's use of an assistive device was medically necessary or why he did not find credible Plaintiff's testimony expressing her difficulty ambulating and need for an assistive device.

The Court therefore agrees with the R. & R.'s assessment that "the ALJ merely recited evidence, without comment or adequate explanation as to how that evidence was consistent or inconsistent with Plaintiff's subjective allegations." R. & R. at 11. The Court cannot ascertain whether substantial evidence supports the ALJ's credibility determination regarding Plaintiff's statements pertaining to her alleged pain and need for an assistive device because the ALJ's decision does not contain specific reasons for the weight given to the Plaintiff's symptoms and is not sufficiently articulated to allow assessment of how the ALJ evaluated Plaintiff's symptoms. Accordingly, the Court agrees with the R. & R. that remand for further proceedings is appropriate. *See* SSR 16-3p, 2017 WL 5180304, at \*10; *Murray v. Berryhill*, No. CIV-15-364-CG, 2017 WL 4010868, at \*4-6 (W.D. Okla. Sept. 12, 2017) (reversing and remanding where "the ALJ's decision stated a conclusion as to Plaintiff's credibility, and provided a recitation of evidence, but included no meaningful discussion of how the evidence served as a basis for the conclusion, at least

with respect to Plaintiff's ability to function independently and outside the home."); *Pruitt v. Colvin*, No. CIV-15-207-HE, 2016 WL 1266960, at *2 (W.D. Okla. Mar. 31, 2016) (reversing and remanding where "the ALJ's decision stated a conclusion as to plaintiff[']s credibility, but included no meaningful discussion of the basis for it.").[2]

## CONCLUSION

Accordingly, the Court ADOPTS the Report and Recommendation (Doc. No. 18) in its entirety. The decision of the Commissioner is REVERSED and the case REMANDED for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g). A separate judgment shall be entered.

IT IS SO ORDERED this 31st day of March, 2023.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] The Court declines to reach Plaintiff's remaining allegations of error because the remaining allegations of error are intertwined with the analysis of Plaintiff's subjective allegations and "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).