UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIOLA SHARON WARRIOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-1198-G |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant.[1] | ) |

# ORDER

On March 31, 2023, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA") and remanding this case for further proceedings. *See* J. (Doc. No. 22); *see also Warrior v. Kijakazi*, No. CIV-21-1198-G, 2023 WL 2733404 (W.D. Okla. Mar. 31, 2023). Plaintiff Viola Sharon Warrior now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412 et seq. *See* Pl.'s Mot. (Doc. No. 23). Defendant has responded to the Motion (Doc. No. 27), and Plaintiff has replied (Doc. No. 28).

I.   *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make

---

[1] The Commissioner is substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United States" includes not only the position taken by the government in the present civil action but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 415-17 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

 II. Discussion

  A. *Whether Plaintiff Is the Prevailing Party*

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 401-434. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the

"prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

### B. Whether the Government's Position Was Substantially Justified

In the administrative proceedings below, the administrative law judge ("ALJ") failed to comply with Social Security Ruling 16-3p ("SSR 16-3p"), which

> requires that when evaluating a claimant's subjective allegations regarding her symptoms, the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."

*Warrior*, 2023 WL 2733404, at *2 (quoting SSR 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017)). Specifically, the ALJ failed to adequately explain how the record evidence was consistent or inconsistent with Plaintiff's allegations regarding her pain, medication side effects, or need for an assistive device. *Id.* at *2-4. The magistrate judge found, and the undersigned agreed, that "the ALJ's decision d[id] not contain specific reasons for the weight given to the Plaintiff's symptoms and [wa]s not sufficiently articulated to allow assessment of how the ALJ evaluated Plaintiff's symptoms." *Id.* at *4.

The ALJ's failure to follow the requirements of SSR 16-3p left the Court unable to ascertain whether the ALJ's credibility determinations were supported by substantial evidence, such that reversal was required. *See id.*; *see also Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (noting that the court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied").

Defendant objects to any award of fees, notwithstanding the cited ALJ errors, raising several arguments. First, Defendant invokes the notion that "the Commissioner's litigation position 'cured unreasonable agency action.'" *Groberg v. Astrue*, 505 F. App'x 763, 768 (10th Cir. 2012) (alteration omitted) (quoting *Hackett*, 475 F.3d at 1174); *see* Def.'s Resp. at 2-3; *Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1232 (W.D. Okla. 2017); *see also Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) (noting that the court can consider the reasonableness of the position the government took in both the administrative proceedings and the civil action the claimant commenced to obtain benefits). Under this theory, the Commissioner's position may be found to be substantially justified—and thus the Commissioner may avoid paying EAJA fees—"when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (internal quotation marks omitted); *accord Groberg*, 505 F. App'x at 765-66, 768. Here, however, Defendant did not take the litigation position that the ALJ's errors should be excused as harmless; rather, Defendant contended that the ALJ's relevant analysis was logical, sufficient, and "clear enough to enable judicial review." Def.'s Obj. to R. & R. (Doc. No. 19) at 2-6 (internal quotation marks omitted); *accord* Def.'s Br. (Doc. No. 16) at 8-12 (arguing that the ALJ did "all that was required" in considering Plaintiff's subjective allegations).

Defendant additionally contends that the substantial justification for the government's position is reflected in the Court's remand order, which "hinged on the adequacy of the ALJ's articulation," and in the ALJ's determination, which was not "bare

4

boilerplate." Def.'s Resp. at 5-6. The Court's reversal, however, was not based merely upon the ALJ's lack of articulation as to how the ALJ evaluated Plaintiff's symptoms. The Court also found that the ALJ failed to comply with SSR 16-3p because the ALJ did not provide "specific reasons for the weight given to" those symptoms and, further, that these deficiencies left the Court unable to find that the ALJ's credibility determination was supported by substantial evidence. *Warrior*, 2023 WL 2733404, at *4. Even bearing in mind the differing standards on a claimant's fee request and a merits review, Defendant does not show "a reasonable basis in law and in fact" for the ALJ's denial of benefits. *Hadden*, 851 F.2d at 1267; *see also Peterson v. Saul*, No. CIV-18-1077-G, 2019 WL 5457818, at *1 (W.D. Okla. Oct. 24, 2019); *Gutierrez*, 953 F.2d at 584-86; *cf. Pierce*, 487 U.S. at 566 ("To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness[.]").

### III.     Whether Plaintiff's Fee Request Is Reasonable

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (B), (d)(2)(A).

Plaintiff seeks an attorney fee award of $9985.20, calculated as follows:

- 2.9 hours of attorney work performed in 2021, at a rate of $218.00 per hour;
- 36.7 hours of attorney work performed in 2022, at a rate of $235.00 per hour; and
- 3.1 hours of attorney work performed in 2023, at a rate of $235.00 per hour.

*See* Pl.'s Mot. Ex. 1 (Doc. No. 23-1); Pl.'s Suppl. Mot. Ex. 1 (Doc. No. 29-1). Plaintiff's attorney has provided a detailed statement of the time expended, and the Court finds that

this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See id.*[2]

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(A). Plaintiff represents that the SSA's Office of General Counsel has agreed as a matter of policy that $218.00 is a reasonable hourly rate for work performed in 2021, and $235.00 is a reasonable hourly rate for work performed in 2022 and 2023, on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Mot. Ex. 1, at 2; Pl.'s Suppl. Mot. Ex. 1, at 2. Defendant does not dispute this representation. Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided.

CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. No. 23) and Plaintiff's Supplemental Motion (Doc. No. 29) and awards attorney's fees under the EAJA in the amount of $9985.20, with said amount to be paid directly to Plaintiff and sent in care of John L. Harlan, PO Box

---

[2] The inclusion of time spent seeking this fee award (to which Defendant has offered no objection) is appropriate under *Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154 (1990). *See Vincent*, 247 F. Supp. 3d at 1229-30.

1326, Sapulpa, Oklahoma 74067.  If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

    IT IS SO ORDERED this 7th day of November, 2024.

_____
CHARLES B. GOODWIN
United States District Judge